IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FREDERICK W. BAUER,

                                                 OPINION AND ORDER

            Petitioner,

                                                   18-cv-353-bbc

     v.

UNITED STATES PROBATION OFFICIALS, U.S. DISTRICT
COURT INDIVIDUALS, OTHER DEFENDANTS UNKNOWN
OR IN PREVIOUS SUITS and DOJ/BOP,

            Respondents .

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se petitioner Frederick W. Bauer is a former federal prisoner and frequent filer in federal courts around the country. He is currently serving a five-year term of supervised release, having completed a lengthy term of incarceration for convictions for federal tax and drug law violations from the late 1980s. Petitioner contends his supervised release is unlawful and seeks "his unconditional release" and monetary damages for "some 400+ days . . . of unauthorized supervision." Id. at 2.

      Petitioner has attempted to challenge his convictions and sentences in an ongoing series of unsuccessful appeals, motions brought under 28 U.S.C. § 2255, habeas corpus petitions brought under 28 U.S.C. § 2241 and claims based on other legal theories, including several petitions filed previously in this district. The present lawsuit is yet another attempt by petitioner to raise arguments about his convictions and sentences that have been rejected for various reasons by this and other courts.

1

To the extent petitioner is raising claims that he raised previously in a motion under 28 U.S.C. § 2255, his petition is an unauthorized successive petition. Under 28 U.S.C. § 2244(b)(3)(A), a petitioner may not file a second or successive application in the district court unless he first obtains an order from the appropriate court of appeals authorizing the district court to consider the application. Because petitioner did not obtain advance permission from the Court of Appeals for the Seventh Circuit before filing, his petition must be dismissed for lack of jurisdiction. 28 U.S.C. §§ 2244(b)(3).

To the extent petitioner is raising claims that he failed to raise in a previous motion under § 2255, his claims are untimely under the one-year statute of limitations applicable to motions brought under § 2255. 28 U.S.C. § 2255(f). Therefore, the petition will be dismissed.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a defendant. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not

close. No reasonable jurists would conclude that plaintiff has made a substantial showing of a denial of a constitutional right.

ORDER

IT IS ORDERED that petitioner Frederick W. Bauer's complaint is DISMISSED for lack of subject matter jurisdiction. No certificate of appealability shall issue.

Entered this 7th day of June, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge